## H. O. ROBERSON, Appellant, v. WALTER CLEV-ENGER, Respondent.

**Kansas City Court of Appeals, April 3, 1905.**

1. **DEBTOR AND CREDITOR: Tender: Evidence: Deaf Creditor.** *Held,* that plaintiff, though deaf, could understand business affairs and was not disqualified from accepting or refusing a tender of which there was sufficient evidence.

2. **PRINCIPAL AND AGENT: Evidence: Ratification.** Agency may be shown by facts and circumstances or by ratification of agent's acts.

3. **INSTRUCTION: Evidence: Jury.** *Held,* there was evidence supporting instructions which were proper in themselves and the issues particularly called for a jury.

4. **PLEADING: Tender: Payment: Answer.** Objections to the sufficiency of an answer pleading tender and payment are held more technical than substantial.

Appeal from Atchinson Circuit Court.—*Hon. Wm. C. Ellison,* Judge.

AFFIRMED.

*Hunt & Bailey* for appellant.

The respondent in this case, by his pleading, attempts to raise two questions, to-wit: The fact of agency and that of tender; and the court, in its instructions to the jury, took that theory of the case, and, in so doing, appellant thinks the court erred, under the testimony in the case, in submitting either the question of agency or tender to the jury. That no tender is pleaded in this case. Respondent's allegation as to tender lacks every element that constitutes a tender. Respondent simply pleads a payment of money only. The court erred under the pleadings and testimony in this case,

in giving instruction numbered 5 on the part of the respondent, submitting the question of tender to the jury. 2 Greenleaf on Evidence (13 Ed.), page 538, sec. 600; Anderson v. Cass Co., 107 Mo. 50; R. S. 1899, sec. 1566; Kinney v. Railway, 69 Mo. App. 302; 2 Parsons on Contracts (6 Ed.), foot-page 796, star page 643; 2 Greenleaf on Evidence (13 Ed.), p. 539, sec. 602.

(1) The tender must be unconditional. 2 Parsons on Contracts (6 Ed.), foot-page 797, star-page 644; 2 Greenleaf on Evidence (13 Ed.), 541, sec. 605; Anderson v. Cass Co., 107 Mo. 50; Kitchen v. Clark, 1 Mo. App. 430; Beathold v. Rayburn, 37 Mo. 586 (in point); Harper v. Rosenberger, 56 Mo. App. 388; Raymond v. McKinney Bros., 58 Mo. App. 303; Green, Mo. Prac., p. 305, sec. 796.

Both agency and tender are affirmative defenses and burden of proof is upon the defendant; and while he must have the weight of the testimony, yet the preponderance of the testimony upon this point is with the plaintiff. Glover v. Henderson, 120 Mo. 367; State ex rel. v. Fidelity & Deposit Co., 94 · Mo. App. 184; Knoche v. Whiteman, 86 Mo. App. 568; Tansley v. Turner, 2 Bing. N. C. 151. This case is on all-fours with the case at bar. 1 Parsons on Contracts (6 Ed.), foot-page 560, star p. 531; Cunningham v. Ashbrook, 20 Mo. 566, l. c. 561; Bass et al. v. Walsh, 39 Mo. 179, l. c. 199; Nance v. Metcalf, 19 Mo. App. 187, l. c. 189; Grocer Co. v. Clements, 96 Mo. App. l. c. 450; McMillan v. Schweitzer, 87 Mo. 402; Allyear v. Walsh, 24 Mo. App. 136.

(3) The court erred in submitting the question of agency to the jury in instruction numbered 3, for there is not a scintilla of evidence in this case which tends to establish an agency. 1 Parsons on Contracts (6 Ed.), foot-page 40, star page 41; Flesh v. Lindsay, 115 Mo. 1; Fusy v. Burr, 7 Mo. App. 588; Hoppe v. Saylor, 53 Mo. App. 4; Hull v. Jones, 69 Mo. 587; Mitchum v. Dunlap, 98 Mo. 418; West v. Ollip, 61 Mo. App. 401; 2 Greenleaf on Evidence (13 Ed.), page 50, sec. 65.

*L. D. Ramsay* for respondent.

(1)  Complaint is made that the question of agency was submitted to the jury, but if the circumstance relied on to establish an agency afford any evidence, it is for the jury to determine to their effect. Hooper v. Bradbury, 69 Mo. App. 311.

(2)  The recognition and ratification of an act which has been previously done are tantamount to its antecedent authorization. Ferris v. Thaw, 72 Mo. 446. A principal, ratifying the acts of his agent, adopts them and makes them his own as from the beginning. Savings Association v. Morrison, 48 Mo. 273.

(3)  He who may authorize in the beginning may ratify in the end. Bank v. Gay, 63 Mo. 33. The question of agency is for the jury. Barrett v. Road Co., 9 Mo. App. 226; Nicholson v. Golden, 27 Mo. App. 132; Cummings v. Hurd, 49 Mo. App. 139.

(4)  Complaint is made that the court did not grant a new trial because the verdict was against the preponderance of the evidence. The trial court has the discretion to do so, in a proper case, but its discretion will only be reviewed in case where there is no doubt. Lawson v. Mills , 130 Mo. 170; State v. Young, 119 Mo. App. 495; Reid v. Lloyd, 61 Mo. App. 646; Mason v. Onan, 67 Mo. App. 290.

(5)  The appellate court has no constitutional power to pass on the weight of conflicting testimony in an action at law. Blanton v. Dold, 109 Mo 64; Albert v. Seiler, 31 Mo. App. 247.

ELLISON, J.—This action is on an account for some cordwood and lumber. The result in the trial court was for the defendant. Neither party asked instructions but the trial court gave several of its own motion and plaintiff objected to them. Defendant's answer admitted getting the greater portion of the account and the evidence tended to show a tender for what he considered to

be due, which, after suit was brought, was kept good by placing the money with the clerk of the court. It seems that defendant settled a portion of the account by paying to one Livingston whom, it is contended, was plaintiff's agent, though the latter denied this.

It is contended by plaintiff that no tender was made and counsel recite the circumtances, surroundings and condition of the plaintiff to sustain the contention. It seems that plaintiff was deaf and could only be made to understand by signs and movements of the lips of the person conversing with him, but evidence shows that he transacted business and that he could be made to understand business affairs. We have no doubt that his condition did not disqualify him from receiving, accepting, or refusing a tender. The evidence of a tender in other respects was sufficient.

There was also a question of the agency of Livingston. This need not be proved by affirmative evidence that he was formally appointed or constituted plaintiff's agent, but it may be shown by facts and circumstances showing that the agency in fact existed, or that his acting as agent was ratified by plaintiff.

There can be no question but that the instructions given by the court were correct in so far as legal propositions therein set forth are concerned. The only question which can be urged is as to their propriety in this case. That is to say, does the evidence justify them? Whether the evidence justifies the instruction and whether such evidence is sufficient to sustain the verdict is really all there is in the appeal. In this view we have gone over the evidence preserved and the argument and suggestion of counsel and find that there was sufficient upon which to base the instructions and to sustain the verdict. The case, though quite small in amount, is somewhat complicated in its issues of fact and is therefore peculiarly one for final determination by a jury.

A question is likewise made on the sufficiency of the

State ex rel. v. McCammon.

answer as to the plea of tender and payment. No objection was taken to the answer by demurrer and we are satisfied the objections now made are more technical than substantial. A full examination of the case has shown that we are without authority to interfere with the judgment and it is consequently affirmed. All concur.